CHRISTOPHER J. CHRISTIE
United States Attorney
LEAH A. BYNON
Assistant U.S. Attorney
970 Broad Street, Room 701
Newark, NJ 07102
(973) 645-2736
LAB0321

RECEIVED
AUG - 6 2008
AT 8:30 M
WILLIAM T. WALSH
CLERK

***UNITED STATES DISTRICT COURT***
***DISTRICT OF NEW JERSEY***

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff,*<br>v.<br>**WOOLDER LUGAY,**<br>*Defendant,*<br>and<br>**ING BANK, FSB,**<br>**and its successors or assigns,**<br>*Garnishee.* | **Hon. Joel A. Pisano**<br><br>CRIMINAL No. 07-508-01<br><br>**GARNISHEE ORDER** |

An Application and Order for Writ of Garnishment was filed by the United States of America, and a Writ of Garnishment directed to Garnishee was duly issued. The Garnishee waived service of the Writ of Garnishment by United States Marshal and accepted service by certified mail. Pursuant to the Writ of Garnishment, the Garnishee has filed an Answer to the Writ stating that at the time of the service of the Writ he had in his possession, custody or under his control, personal property belonging to and due defendant, and that garnishee was indebted to

defendant in the sum of $8,044.49.

IT IS ORDERED that the garnishee pay the sum of $8,044.49 of the defendant's account so that it may be applied to the defendant's financial obligation to the United States of America.

DATED: 8/6/08

JOEL A. PISANO, JUDGE
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED-CLERK
U.S. DISTRICT COURT
2008 MAY 28 A 11: 22

WOOLDER LUGAY,
MOVANT,

-Against-

UNITED STATES OF AMERICA
RESPONDENT,

Criminal No. 07-508-07

## MOTION TO DISMISS WRIT OF GARNISHMENT

Comes Now, Movant, Woolder Lugay, appearing Pro se respectfully submits this motion to quash the governments writ of Garnishment against movants ING Direct Orange Savings account # 24601609 & Orange 12 Month CD account # 31391337 with an approximate value of $8,040.49.

## PROCEDURAL BACKGROUND

Movant was sentenced on November 28, 2007 to a 27 month term of imprisonment including a fine and restitution. At sentencing it was stipulated by the court that the Movant be placed in the Bureau Of Prisons of Inmate Financial Responsibility program (IFRP). While enrolled in the IFRP program the Court further stipulated that said fine shall be paid at a rate equivalent to $25.00 every three (3) months; also if the fine is not paid prior to the commencement of supervision the movant shall satisfy the amount due in monthly installments of NO less than $100.00, to commence thirty (30) Days after release from confinement.

## LEGAL ARGUEMENT

Movant now contends and claims that the governments writ of garnishment is without merit, premature, unlawful & should be dismissed with prejudice based on prior stipulations set forth by sentencing court.[1] Movant entered the IFRP on Jan 30, 2008, two weeks after he arrived at the United States Pentitentiary Canaan. The first payments were to begin March 2008 and every three month thereafter.[2] Movant is in full accord with stipulations set by the court in paying said fine.

Furthermore, Movant is still serving the sentence that was imposed by the court. It is plainly stated in the Judgment order that, the remainder of any fine is to be due thirty (30) days after release from confinement. Where restitution order under USCS 3664(F)(2) required defendant to start making monthly payments IF upon release from prison to term of supervised release any unpaid, but defendant had not been so released. Defendants motion to quash govenments garnishment of bank was granted. United States V. Roush (2006,ND Texas) 452 F Supp 2d 676.

The A.U.S.A claims that it made a demand for payment of this debt to movant not less than thirty (30) days from March 13, 2008 and movant failed to satisfy debt. Movant denies and rebutts any request or serving of request was made. The knowledge of such proceedings was brought to Movants attention when United States Marshall served notice of garnishment and instruction for objecting to the answer on May 15,2008 at U.S.P Canaan which is Movants current address.

1. See attached Judgement page 5. Fine stipulation
2. See attached inmate financial plan agreement.

Furthermore, the U.S. attorneys offices premature & illicit writ of garnishment is attempting to override the courts stipulations as set forth in the judgement & commitment order.

CONCLUSION

In summary, this Honorable court should grant Movants motion to dismiss and quash governments writ of garnishment with prejudice pertaining to the issues raised therein.

Respectfully Submitted,

X [signature] Without Prejudice

Woolder Lugay, Pro Se
Without Prejudice
USP Canaan
Post Office Box 300
Waymart, Pennsylvania 18472

cc.
Filed:
U.S. Attorney's Office
District of New Jersey

Case 3:07-cr-00508-JAP Document 33 Filed 05/28/2008 Page 5 of 6 Page 5 of 7

Defendant: WOOLDER LUGAY
Case Number: 07CR508(JAP)-01

## FINE

The defendant shall pay a fine of $10,000.00.

This fine, plus any interest pursuant to 18 U.S.C. § 3612(f)(1), is due immediately and shall be paid in full within 30 days of sentencing .Immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program. In the event the fine is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $100.00, to commence 30 days after release from confinement. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the fine shall be paid from those funds at a rate equivalent to $25.00 every 3 months.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

INMATE FINANCIAL PLAN

REGISTER NUMBER: 27977-050
INMATE NAME....: LUGAY, WOOLDER JOSEPH
FACILITY.......: CANAAN USP

A STAFF MEMBER HAS PROVIDED ME WITH INFORMATION REGARDING THE POTENTIAL CONSEQUENCES OF A REFUSAL ON MY PART TO PARTICIPATE IN THE INMATE FINANCIAL RESPONSIBILITY PROGRAM.

I AGREE TO SUBMIT PAYMENTS TOWARD SATISFACTION OF THE FINANCIAL OBLIGATION(S) INDICATED ON THIS FORM IN ACCORDANCE WITH THE PAYMENT PLAN OUTLINED BELOW. I AGREE TO FOLLOW THIS PAYMENT PLAN UNTIL THE FINANCIAL OBLIGATION(S) IS SATISFIED.

I FURTHER UNDERSTAND THAT THE PAYMENT PLAN WILL AUTOMATICALLY STOP AND NO FUNDS WILL BE WITHDRAWN FROM MY ACCOUNT IN THE EVENT THAT I AM PERMANENTLY RELEASED FROM MY PRESENT INSTITUTION OF CONFINEMENT. IN THE EVENT THAT I AM RELEASED PURSUANT TO A WRIT (INCLUDING A REQUEST FOR TEMPORARY CUSTODY PURSUANT TO THE INTERSTATE AGREEMENT ON DETAINERS) THE PLAN WILL NOT TERMINATE UNLESS I NOTIFY UNIT STAFF THAT UPON COMPLETION OF ANY PAYROLL/DEDUCTION CYCLES IN PROGRESS AT THE TIME I LEAVE THE INSTITUTION I WISH THE PLAN TO TERMINATE.

PAYMENT METHOD...: AMT/PCT: $25 FREQ: QU ORIGIN: TF

START CYCLE......: 3/08

INMATE DECISION..: AG

OBLIGATION NUMBER: 1 3 2

INMATE SIGNATURE.......: [signature] without Prejudice DT SIGNED: 1/30/08

STAFF WITNESS SIGNATURE: [signature] DT SIGNED: 1/30/08


U.S. POSTAGE
PAID
WAYMART,PA
18472
MAY 23 '08
AMOUNT
$0.00
00029712-05
07102
0000
UNITED STATES POSTAL SERVICE
USA FIRST-CLASS FOREVER
41USA
7007 0710 0002 2241 8272

**United States Department of Justice**
*United States Attorney*
*District of New Jersey*
*Civil Division*
*970 Broad Street, Suite 700* *general number: (973) 645-2700*

*Newark, New Jersey 07102* *telephone: 973-645-2736*
*fax: 973-297-2010*
*e-mail: Leah.Bynon@usdoj.gov*

**BY ECF**

Jul 31, 2008

Hon. Joel A. Pisano, U.S. District Judge
U.S. District Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

Re: United State of America v. Woolder Lugay
Civil Action No. 07-508-01

Your Honor:

I am an Assistant United States Attorney in the Financial Litigation Unit (FLU), whose responsibilities include the collection of fines and restitution. The debtor, Mr. Woolder Lugay, has filed a motion to quash the government's writ of garnishment issued with respect to a savings account and a CD account held by ING Direct Orange. Please accept this letter in lieu of a more formal legal memorandum in support of the government's position that these accounts may be garnished by the United States to satisfy an outstanding order of restitution.

On or about November 27, 2007, defendant Woolder Lugay was sentenced and ordered to pay a special assessment of $100, a fine in the amount of $10,000 and restitution in the amount of $12, 890. The Payment History Report prepared by this Office indicates that the balance of the amount outstanding is $22, 940.[1] Pursuant to a provision of the Federal Debt Collection Procedures Act, 28 U.S.C. § 3205, the United States applied for a writ of garnishment to collect Lugay's outstanding fine and restitution. The district court issued the writ to ING Direct. The Garnishee Answers filed with the Court have identified two accounts with the approximate value of $6,904.51 and $1,139.98. Accordingly, the only issue remaining before the Court is whether such accounts are legally subject to the garnishment sought by the United States.

The court has jurisdiction over this matter pursuant to 18 U.S.C. § 3613. That statute provides:

> The United States may enforce a judgment imposing a fine [or restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law. Notwithstanding any other Federal law

---

[1] Defendant made two (2) payments of $25.00 each on 04/08/08 and 07/08/08.

..., a judgment imposing a fine may be enforced against all property or rights to property of the person fined ....

18 U.S.C. §§ 3613(a) and (f). Enforcement of restitution may begin immediately after an entry of judgment arises on a defendant's property. Id. at § 3613(c). Section 3613 (c) creates a lien in favor of the United States on all property and rights of property of the person.

After the government obtains a writ of garnishment, it must serve the writ both to the judgment debtor and to the garnishee. 28 U.S.C. § 3205(c)(3). The government must convey to the garnishee the requirement to file a written answer submitted under oath and inform the judgment debtor of his or her right to object and to obtain a formal hearing. Id. Within 20 days of the garnishee's answer, the judgment debtor or the United States may file a written objection to the garnishee's answer and ask for a formal hearing. 28 U.S.C. § 3205(c)(5). The objecting party bears the burden of proving the grounds for the objection. Id.; see also United States v. Sawaf, 74 F.3d 119, 121 (6th Cir.1996). Thus, defendant, as the judgment debtor, must establish a sufficient basis for exempting the funds in question from garnishment.

Mr. Lugay objects to the garnishment on the basis that he was placed in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP) and that he is making payments of $25 every three months as per the agreement. Mr. Lugay argues that this language meant his fine was not immediately payable, and that the fine was not enforceable by the United States. Mr. Lugay is essentially stating that this payment plan per the IFRP bars any collection efforts of the government.

Mr. Lugay's contention that the garnishment is in violation of a Court Ordered payment plan is simply wrong. In the first place, the plain language of the Ordered fine and restitution make clear that both are due immediately. The language with respect to the fine states "This fine, plus any interest pursuant to 18 U.S.C. Section 3612(f)(1) is due immediately and shall be paid in fully within 30 days of sentencing. immediately [sic]" The Restitution language reads, " The restitution is due immediately." The Order provides that "it is recommended that defendant participate in the Prisons Inmate Financial Responsibility Program" and that if the entire fine and restitution have not been paid in full by the time incarceration ends and supervision begins, that defendant shall pay no less than $300.00 monthly. See J& C.

As is clear from the plain language, Mr. Lugay's interpretation that he is only required to pay those amounts set forth in the IFRP is clearly mistaken. The is no Court-Ordered payment plan in this case, but merely a "floor" set by the Court regarding the basic minimum that must be met. Even if defendant were in compliance with the terms of his IFRP terms and supervision by making minimal payments, such compliance would not override this Court's order that restitution should be paid immediately.

Moreover, a payment schedule does not prevent the United Sates from exercising its statutory authority to enforce the judgment against Mr. Lugay. Section 3613(c) of Title 18 provides that: enforcement begins immediately when, "upon entry of judgment," a lien arises "on all [defendant's] property and rights to property." 18 U.S.C. § 3613(c). Further enforcement

remedies may be employed using any federal or state procedure. 18 U.S.C. § 3613(a). The federal garnishment writ (28 U.S.C. § 3205(b)) employed by the United States in this case is a sanctioned enforcement procedure. The United States is not required to give convicted defendants the opportunity to dissipate their assets during the time frame they are serving their sentence, despite their making payments under the IRFP.

Even were a monthly plan Court-imposed, the government would not be precluded from seeking immediate restitution through garnishment of defendant's assets. United States v. James, 312 F.Supp.2d 802, 806-07 (E.D. Va. 2004); United States v. Hanhardt, 353 F.Supp.2d 957 (N.D. Ill. 2004)(holding that order setting restitution payment schedule over period of supervised release did not bar garnishment of monthly annuity benefit while defendant incarcerated). For instance, in United States v. James, the defendant was sentenced to a term of imprisonment to be followed by supervised release, and was ordered to pay restitution. Id. at 804. The sentencing court ordered that if the defendant could not pay restitution immediately, he could pay in monthly installments upon his release from prison. Id. The government instituted garnishment proceedings against James' retirement accounts while James was incarcerated. Id. The Court ultimately upheld the government's right to immediate restitution, and stated "the existence of [a court ordered payment plan] does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment." Id. at 806-07.

As such, defendant's objection to the garnishment on this basis is without merit and must be denied. For these reasons, the United States respectfully requests that the Court find Mr. Lugay's accounts subject to garnishment by the United States in partial satisfaction of the outstanding criminal fine and restitution order. Proposed forms of order are submitted herewith as exhibit A. Thank you for your consideration of this matter.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

*S/ Leah A. Bynon*
By: LEAH A. BYNON
Assistant United States Attorney

# EXHIBIT A

Case 3:07-cr-00508-JAP Document 35-2 Filed 07/31/2008 Page 4 of 5

CHRISTOPHER J. CHRISTIE
United States Attorney
LEAH A. BYNON
Assistant U.S. Attorney
970 Broad Street, Room 701
Newark, NJ 07102
(973) 645-2736
LAB0321

***UNITED STATES DISTRICT COURT***
***DISTRICT OF NEW JERSEY***

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff,*<br>v.<br>**WOOLDER LUGAY,**<br>*Defendant,*<br>and<br>**ING BANK, FSB, and its successors or assigns,**<br>*Garnishee.* | **Hon. Joel A. Pisano**<br><br>CRIMINAL No. 07-508-01<br><br>**CERTIFICATION OF SERVICE OF DOCUMENTS** |

The United States of America, the judgment creditor herein, hereby certifies that on the date set forth below the following documents were personally served on the defendant at their last known address/employment by the United States Marshals Service:

1. Copy of Application For Writ of Garnishment and Order.
2. Copy of Writ of Garnishment.
3. Copy of Clerk's Notice of Garnishment.
4. Notice of Garnishment and Instructions For Objecting to the Answer.

Date Served: May 15, 2008

Case 3:07-cr-00508-JAP Document 35-2 Filed 07/31/2008 Page 5 of 5

The United States of America further certifies that on the date set forth below the following documents were served on the Garnishee by certified mail:

1. Copy of Application for Writ of Garnishment and Order.
2. Copy of Writ of Garnishment.
3. Copy of Clerk's Notice of Garnishment.
4. Answer of Garnishee and accompanying instructions.

Date Served: April 17, 2008

CHRISTOPHER J. CHRISTIE
UNITED STATES ATTORNEY

By: Patricia Malave
Legal Assistant
(973)645-3143